[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a Summary Process Complaint dated February 2, 2000. The complaint alleges that the plaintiff and the defendant entered into a lease whereby the defendant took possession of a parcel of land that was being operated as a quarry.
It is alleged that the defendant breached specific terms of this lease which required the defendant to make payments to the plaintiff in accordance with the lease, to pay insurance premiums for liability CT Page 12012 insurance for the property and to pay all costs of operating the business on the leased property.
The case was tried to the court and John Coughlin of Coughlin Realty testified that the lease entered into was signed on February 17, 1999. The lease was introduced as an exhibit at the trial. (Plaintiff's Exhibit #1) Mr. Coughlin testified, and this court finds his testimony credible, that he first became aware of problems at his property when he was served with copies of two mechanic's liens. These liens were obtained by individuals who had performed work on the property Coughlin Realty had leased to Peter Novicelli. Mr. Coughlin further testified chat he considered the failure to pay these legitimate costs of operation of the quarry as a breach of the agreement he had made with Peter Novicelli.
Mr. Coughlin testified that upon further investigation he discovered that the insurance coverage required pursuant to the lease had not been maintained, that he was not receiving fees owed to him for activities performed on the site and, more specifically, that large amounts of crushed stone had been removed from the site without proper payment to Coughlin Realty.
In support of this claim, the plaintiff called A. Edward Wright of Fay Wright, Inc. who testified that in April and May of 1999 his company had crushed stone at the quarry and that Peter Novicelli had failed to pay $181,525.50 for his company's services and, therefore, he caused a mechanic's lien to be filed against the property.
The plaintiff called Jeff Jilcon, the Finance Director of the town of East Hampton, who testified to payments made to Peter Novicelli which supported the conclusions of Mr. Coughlin that Novicelli had not paid fees owed to Coughlin pursuant to the agreement that they had reached. The court agrees with the conclusions of Mr. Coughlin in this regard.
Andrew Nagy testified for the plaintiff. His company, Blastek, Inc. had done drilling and blasting at the site during the term of the lease and had not been paid for this work. He testified he was owed $92,927.60. Having received no payment at all from Novicelli, he too had caused a mechanic's lien to be filed against the property.
The plaintiff also offered testimony of a civil engineer, Dana Steele, who through various calculations at the site determined that in excess of 10, 000 cubic yards of crushed stone was missing from the site for which Coughlin had not been paid the fees owed to him.
In summary, all the allegations in the plaintiff's complaint were proven by more than a fair preponderance of the evidence. The defendant CT Page 12013 offered no credible evidence in response to the plaintiff's claims.
The finding of the court is that the lease was breached by the defendant in the manner alleged in the plaintiff's complaint.
Judgment for the plaintiff.
THOMAS V. O'KEEFE, JR., J.